UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TAYLOR, | No. 2:24-cv-01675 CSK P |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF CALIFORNIA MEDICAL FACILITY,[1] | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the following reasons, petitioner is granted thirty days to file a motion to stay this action in order to return to state court and exhaust his unexhausted claims.

On June 11, 2024, petitioner opened this action by filing a complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On June 17, 2024, this Court construed this action as a habeas corpus petition because petitioner appeared to challenge the validity of his conviction.  (ECF No. 4.)  This Court granted petitioner thirty days to file a habeas corpus petition and a complete

---

[1] Petitioner names the California Medical Facility as respondent.  (ECF No. 8 at 1.)  This Court substitutes the Warden of the California Medical Facility as the proper respondent.  See Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under state-court judgment, the petitioner must name as respondent the state officer who has custody.").

1

1  motion to proceed in forma pauperis.  (Id.)  On July 15, 2024, petitioner filed a petition for writ of
2  habeas corpus.  (ECF No. 8.)
3  On July 15, 2024, petitioner filed an incomplete motion to proceed in forma pauperis.
4  (ECF No. 9.)  Accordingly, this motion is disregarded.  On July 29, 2024, petitioner filed a
5  complete motion to proceed in forma pauperis.  (ECF No. 12.)  Examination of the motion to
6  proceed in forma pauperis filed July 29, 2024 reveals that petitioner is unable to afford the costs
7  of suit.  Accordingly, the motion to proceed in forma pauperis is granted.  See
8  28 U.S.C. § 1915(a).
9  Petitioner challenges his January 30, 2017 conviction in the Sacramento County Superior
10 Court for domestic violence and attempted murder.  (ECF No. 8 at 1.)  Petitioner claims he is
11 serving a sentence of 59 years to life.  (Id.)  The petition raises four claims.  In claim one,
12 petitioner alleges reprisal and retaliation.  (Id. at 4.)  In support of claim one, petitioner alleges
13 that when the trial judge heard that petitioner "file[d] on him it was all bad."  (Id.)  In claim two,
14 petitioner alleges that the prosecutor was racist.  (Id.)  Claim two may also raise claims of
15 prosecutorial misconduct.  (Id.)  In claim three, petitioner appears to raise a claim of ineffective
16 assistance of counsel.  (Id. at 5.)  In claim four, petitioner may be arguing insufficient evidence to
17 support his conviction based on self-defense.  (Id.)
18 Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before
19 claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S.
20 509, 515-16 (1982).  The exhaustion doctrine is based on a policy of federal and state comity,
21 designed to give state courts the initial opportunity to correct alleged constitutional deprivations.
22 See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.  "A petitioner
23 may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with
24 an opportunity to rule on the merits of the claim ...; or (2) by showing that at the time the
25 petitioner files the habeas petition in federal court no state remedies are still available to the
26 petitioner and the petitioner had not deliberately by-passed the state remedies."  Batchelor v.
27 Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).
28 This Court observes that in his appeal filed in the California Court of Appeal, petitioner

raised nine claims: (1) the court erred in admitting evidence of petitioner's prior act of domestic violence from 1992; (2) the court erred in refusing to admit evidence of the victim's character for violence; (3) the court erred in admitting a 911 call purporting to describe an attack on the victim; (4) insufficient evidence established petitioner acted with intent to kill; (5) the court erred in refusing to instruct the jury on the definition of "abuse"; (6) the errors cumulatively require reversal; (7) the court erred in allowing the prosecution to prove the nature of one of petitioner's three prior strike convictions through a preliminary hearing transcript; (8) remand is necessary for the trial court to consider petitioner's motion to strike his prior strikes; and (9) challenges to the imposition of certain fines and fees. People v. Taylor, 2021 WL 789031, at *1 (Cal. App. 2021). The California Court of Appeal modified the judgment to strike the finding of a strike based on petitioner's 1989 conviction for battery with serious bodily injury. Id. at *13. The California Court of Appeal remanded the matter to afford the prosecution an opportunity, if it chose, to establish that prior strike and affirmed petitioner's conviction in all other respects. Id. Records from the California Court of Appeal reflect that petitioner filed a petition for review in the California Supreme Court following the affirmance of his conviction by the California Court of Appeal, although it is unclear from these records what claims were raised in the petition for review.[2] The California Supreme Court denied the petition for review on May 26, 2021.

Other than possibly the insufficient evidence claim, the instant petition does not appear to raise any of the claims raised in the state appeal. The instant petition also does not reflect that petitioner filed a habeas corpus petition in the California Supreme Court raising any of the claims raised in this action. For these reasons, this Court finds that the claims raised in the instant petition are not exhausted, with the possible exception of the insufficient evidence claim.

In "limited circumstances," the district court may stay and abey a habeas petition for the purpose of allowing the petitioner to exhaust state remedies (a "Rhines stay"). Rhines v. Weber, 544 U.S. 269, 277 (2005). A Rhines stay may be employed as to both "mixed" petitions—i.e.,

---

[2] This Court takes judicial notice of the docket in the California Court of Appeal reflecting the filing of the petition for review and the California Supreme Court's denial of the petition for review. See Fed. R. Evid. 201.

those containing exhausted and unexhausted claims—and petitions raising only unexhausted claims. Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016). A Rhines stay is appropriate if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278.

This Court notes that the alternative procedure for staying and abeying a federal habeas petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), only applies to habeas petitions that contain exhausted as well as unexhausted claims for relief. Thus, a Kelly stay is only available to petitioner if petitioner exhausted at least one claim raised in the instant petition, such as the insufficient evidence claim. In contrast to the Rhines procedure, "[t]he Kelly procedure ... is not premised upon a showing of good cause." King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). Under Kelly, a petitioner can only amend his petition with his newly exhausted claims if those claims are "timely" when amendment is sought. See id. at 1140-41. Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Duncan v. Walker, 533 U.S. 167, 181 (2001). To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, see 28 U.S.C. § 2244(d), or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. See King, 564 F.3d at 1143; Mayle v. Felix, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. See Mayle, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the exhausted claims in the pending petition. Id.

After a stay under Kelly, petitioner will need to meet one of the two requirements: his amended petition must be timely under AEDPA or his newly exhausted claim(s) must "relate back" to his previously exhausted claims. While the Kelly procedure is a more cumbersome procedure that requires petitioner to file a further amended federal habeas petition omitting all unexhausted claims, it is the only procedural avenue for a stay for the purpose of exhaustion in the absence of a good cause showing for a Rhines stay. A Kelly stay does not ensure that any of

petitioner's exhausted claims for relief will ultimately be deemed timely filed once they are properly exhausted in state court. Petitioner will later need to either show that any newly exhausted claims are timely or that they relate back to the exhausted claims.

Good cause appearing, petitioner is granted thirty days to file a motion to stay this action under Rhines or Kelly. As discussed above, a Kelly stay is available only if at least one of the claims raised in the instant petition is exhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis filed July 15, 2024 (ECF No. 9) is disregarded;

2. Petitioner's motion to proceed in forma pauperis filed July 29, 2024 (ECF No. 12) is granted; and

3. Petitioner is granted thirty days from the date of this order to file a motion to stay this action in order to return to state court and exhaust the unexhausted claims; failure to file a motion to stay this action within that time will result in a recommendation that the petition be dismissed for failure to exhaust state court remedies.

Dated: August 29, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Tay1675.ord

2