1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARTHUR TAYLOR,                              No.  2:24-cv-01675 DAD CSK P

12                    Petitioner,

13          v.                                    ORDER

14    WARDEN OF CALIFORNIA MEDICAL
      FACILITY,
15
                      Respondent.
16

17

18          Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas

19    corpus pursuant to 28 U.S.C. § 2254.  On June 13, 2025, petitioner filed a pleading titled,

20    "Petitioner's Response to Respondent's Motion to Dismiss."  (ECF No. 24.)  In this pleading,

21    petitioner requests that he be provided with the documents lodged by respondent in support of the

22    motion to dismiss.  (Id.)  Petitioner also requests an extension of time to respond to the motion to

23    dismiss.  (Id.)  For the following reasons, petitioner's motion for an extension of time is granted

24    and petitioner's request for lodged documents is granted in part and denied in part.

25          On May 27, 2025, respondent filed a motion to dismiss on the grounds that the petition is

26    barred by the statute of limitations and unexhausted.  (ECF No. 22.)  In support of the motion to

27    dismiss, respondent lodged thirteen documents: 1) abstract of judgment; 2) opinion by California

28    Court of Appeal striking a prior conviction and affirming petitioner's conviction in all other

                                                  1

respects; 3) petition for review filed by petitioner in California Supreme Court; 4) order by California Supreme Court denying petition for review; 5) petition for writ of habeas corpus filed by petitioner in Sacramento County Superior Court; 6) order by Sacramento County Superior Court denying habeas corpus petition; 7) first petition for writ of habeas corpus filed by petitioner in California Court of Appeal; 8) docket from California Court of Appeal reflecting denial of first habeas corpus petition; 9) second petition for writ of habeas corpus filed by petitioner in California Court of Appeal; 10) docket from California Court of Appeal reflecting denial of second habeas corpus petition; 11) first petition for writ of habeas corpus filed by petitioner in California Supreme Court; 12) second petition for writ of habeas corpus filed by petitioner in California Supreme Court; and 13) third petition for writ of habeas corpus filed by petitioner in California Supreme Court.  (ECF No. 21.)

In the pending motion, petitioner states that in order to make a "sound argument against the application of tolling time, it would be important for petitioner to refresh his memory concerning the constitutional violations alleged during the filing, in association with reasonableness and deferential as applied to the state court decisions."  (ECF No. 24 at 2.) Petitioner requests that he be provided with the documents lodged by respondent in support of the motion to dismiss.  (Id.)

Although in any application for a writ of habeas corpus where the petitioner proceeds in forma pauperis, the Court may provide copies of documents or parts of the record on file under 28 U.S.C. § 2250, "the question of what copies, if any, should be provided to an indigent habeas petitioner rests within the Court's discretion," and "[t]he litigant seeking copies must provide sufficient information to enable the Court to determine the necessity for the copies requested." Van Wyk v. Beard, 2016 WL 3381283, at *12 (C.D. Cal. Mar. 14, 2016), findings and recommendations adopted, 2016 WL 3388305 (C.D. Cal. Jun. 13, 2016).

Petitioner's claim in the pending request that he requires all of the lodged documents in order to address tolling and that review of the lodged documents would refresh his memory concerning the constitutional violations alleged during the filing does not adequately demonstrate

2

1    petitioner's need for all thirteen lodged documents in order to respond to the motion to dismiss.[1]

2    For this reason, petitioner's request for the lodged documents is denied in part.  The Court grants

3    in part petitioner's request as to item 8, the docket from California Court of Appeal reflecting

4    denial of first habeas corpus petition, and item 10, the docket from California Court of Appeal

5    reflecting denial of second habeas corpus petition.  The Court denies the request as to the

6    remaining lodged documents.

7        Although docketed as a response to the motion to dismiss, it is unclear if petitioner

8    intended the pleading filed June 13, 2025 to be the response to the motion to dismiss.

9    Accordingly, petitioner is granted thirty days to file a response or further response to the motion

10   to dismiss.

11       Accordingly, IT IS HEREBY ORDERED that:

12       1.  Petitioner's request for lodged documents (ECF No. 24) is denied in part and granted

13   in part.  The Clerk of the Court is directed to send petitioner copies of the two lodged documents

14   identified above (California Court of Appeal dockets) (ECF Nos. 21-8, 21-10).

15       2.  Petitioner's motion for an extension of time to file a response to the motion to dismiss

16   (ECF No. 24) is granted; petitioner is granted thirty days from the date of this order to file a

17   response to the motion to dismiss.

18

19   Dated:  June 27, 2025

20

21                                CHI SOO KIM
                                  UNITED STATES MAGISTRATE JUDGE
22

23   Tay1675.ord(2)/2

24   _____

25   [1]  To the extent petitioner claims he requires the lodged documents in order to address
     respondent's argument that his claims are barred by the statute of limitations, this Court observes
26   that respondent's motion to dismiss identifies the filing dates of the relevant pleadings and orders.
     (ECF No. 22 at 1-2.)  In determining whether petitioner's claims are barred by the statute of
27   limitations, this Court considers the filing dates of these pleadings and orders.  See 28 U.S.C.
     § 2254(d)(1), (2).  The Court further notes that all but the two dockets lodged are petitioner's own
28   documents (his petitions) or state court orders the petitioner would have received.

                                  3