1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARTHUR TAYLOR,                              No.  2:24-cv-01675 DAD CSK P

12                    Petitioner,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14    WARDEN OF CALIFORNIA MEDICAL
      FACILITY, et al.,
15
                      Respondents.
16

17

18    **I.  INTRODUCTION**

19          Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas

20    corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2017 conviction for attempted

21    murder and two counts each of domestic violence and assault with a deadly weapon.  (ECF No.

22    8.)  Pending before the Court is respondent's motion to dismiss on the grounds that petitioner's

23    claims are barred by the statute of limitations and not exhausted.  (ECF No. 22.)  For the

24    following reasons, this Court recommends that respondent's motion to dismiss be granted.

25    **II.  EXHAUSTION**

26          **A.  Legal Standard**

27          Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before

28    claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S.

                                                  1

1   509, 515-16 (1982).  The exhaustion doctrine is based on a policy of federal and state comity,

2   designed to give state courts the initial opportunity to correct alleged constitutional deprivations.

3   See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.  "A petitioner

4   may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with

5   an opportunity to rule on the merits of the claim ...; or (2) by showing that at the time the

6   petitioner files the habeas petition in federal court no state remedies are still available to the

7   petitioner and the petitioner had not deliberately by-passed the state remedies."  Batchelor v.

8   Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).

9       **B.  Analysis**

10          Petitioner's habeas corpus petition raises four claims.  (ECF No. 8.)  In claim one,

11  petitioner alleges reprisal and retaliation.  (Id. at 4.)  In support of claim one, petitioner alleges

12  that when the trial judge heard that petitioner "file[d] on him it was all bad."  (Id.)  In claim two,

13  petitioner alleges that the prosecutor was racist.  (Id.)  Claim two may also be raising a

14  prosecutorial misconduct claim.  (Id.)  In claim three, petitioner appears to raise a claim of

15  ineffective assistance of counsel.  (Id. at 5.)  In claim four, petitioner alleges, "Self defense under

16  the prima facie case law…"  (Id.)  In support of claim four, petitioner alleges, "I am overly

17  penalized cause I was protecting myself and [trained] by government United States Marine

18  Corps…no life threaten injuries…only an unjust act a wrongful reprisal…"  (Id.)

19          1.  Petition for Review

20          In the petition for review filed in the California Supreme Court, petitioner raised five

21  claims.  Resp. Lod. Doc. 3 (ECF No. 21-3).  In claim one, petitioner argued that the trial court

22  erred in admitting evidence of a prior incident of domestic abuse committed 22 years before the

23  current offense.  Id. at pp. 10-16.  In claim two, petitioner argued that the trial court erred in

24  denying petitioner's motion to introduce evidence of the victim's character for violence.  Id. at

25  pp. 16-20.  In claim three, petitioner argued that the trial court erred in finding a 9-1-1 call about

26  the alleged crowbar incident admissible as a spontaneous declaration exception to the hearsay

27  rule.  Id. at pp. 20-23.  In claim four, petitioner argued there was insufficient evidence to support

28  his attempted murder conviction because the evidence failed to establish that he acted with the

1    intent to kill.  Id. at pp. 23-29.  In claim five, petitioner argued that the trial court imposed a

2    restitution fine and assessed fees without holding a hearing to determine petitioner's ability to

3    pay.  Id. at pp. 29-30.[1]  On May 26, 2021, the California Supreme Court denied the petition for

4    review without comment or citation.  Resp. Lod. Doc. 4 (ECF No 21-4).

5          The petition for review did not raise claims one, two or three raised in the instant petition.

6    Whether the petition for review raised claim four requires further discussion.  In the petition for

7    review, petitioner argued that there was insufficient evidence to support his attempted murder

8    conviction because the evidence failed to establish that he acted with the intent to kill.  Resp. Lod.

9    Doc. 3 at 23.  In support of this claim, petitioner argued that the evidence failed to establish the

10   extent of the victim's injuries.  Id. at pp. 24-25.  Petitioner argued that sufficient evidence of an

11   intent to kill in a case where the victim was stabbed required more than the mere fact that the

12   victim suffered serious stab wounds.  Id. at pp. 26-28.  Petitioner argued that evidence related to

13   the facts and circumstances surrounding the stabbing did not constitute substantial evidence

14   supporting the finding that petitioner intended to kill.  Id. at pp. 28-29.  Petitioner argued that

15   although the victim was stabbed multiple times, many of the wounds appeared to be superficial

16   ones, and there was no evidence that petitioner stabbed any of the victim's vital organs or that she

17   suffered any life-threatening injuries.  Id. at p. 28.

18         When this Court screened the petition, it found that in claim four petitioner appeared to

19   argue insufficient evidence to support his attempted murder conviction based on self-defense.

20   (ECF No. 15 at 2.)  To the extent petitioner raises this claim, this Court finds that this claim was

21   not raised in the petition for review.  However, after carefully reviewing claim four and the

22   petition for review, this Court finds that claim four also argues insufficient evidence to support

23   petitioner's attempted murder conviction based on the victim's alleged superficial injuries, as

24   argued in the petition for review.  Petitioner's reference in claim four to "no life threatening

25   injuries" refers to the arguments raised in the petition for review in support of the claim alleging

26   insufficient evidence of attempted murder.  Accordingly, this Court finds that claim four is

27   
28   [1]  Petitioner raised these five claims in the direct appeal filed in the California Court of Appeal.
     Resp. Lod. Doc. 2 (ECF No. 21-2).

1    exhausted to the extent it argues insufficient evidence to support petitioner's attempted murder

2    conviction on the grounds that the victim did not suffer life threatening injuries.

3                     2.   <u>Habeas Corpus Petitions Filed In State Court</u>

4          Petitioner filed three habeas corpus petitions in state court raising claims challenging his

5    2017 conviction: one habeas corpus petition filed in the Sacramento County Superior Court and

6    two habeas corpus petitions filed in the California Court of Appeal. Resp. Lod. Docs. 5, 7, 9

7    (ECF Nos. 21-5, 21-7, 21-9). To the extent these petitions raised any of the claims raised in the

8    instant petition, petitioner failed to exhaust these claims because petitioner did not go on to raise

9    these claims before the California Supreme Court.

10         Petitioner filed three habeas corpus petitions in the California Supreme Court but they did

11    not raise any of the claims raised in the instant action: case nos. S262788, S269391, and S275958.

12    In case no. S262788, filed June 15, 2020, petitioner identified the respondent as "Black Lives

13    Matter" and described his grounds for relief as, "Bias and racism of the law for Blacks and

14    Browns that has destroyed our family to[o] much time." Resp. Lod. Doc. 11 at pp. 1, 4. (ECF No.

15    21-11). Petitioner described the supporting facts as "priors and enhancements on old cases way

16    before the law of three strikes." <u>Id.</u> Petitioner argued that the three strikes law was enacted in

17    1994, so "tell me why they charge a person twice on old cases that time and parole has been

18    completed and successful?" <u>Id.</u> at p. 7. Petitioner argued that the Three Strikes Law was being

19    applied to Black and Brown people in an unfair manner. <u>Id.</u> at p. 8.

20         In case no. S269391, filed June 14, 2021, petitioner challenged the validity of three prior

21    convictions: case no. 61444 from 1981, case no. 113663 from 1992 and case no. 86743 from

22    1989. Resp. Lod. Doc. 12 at 2 (ECF No. 21-12). These prior convictions may have been charged

23    as strikes in petitioner's 2017 conviction challenged in the instant action. Evidence regarding one

24    of the prior convictions challenged in case no. S269391 may also have been admitted at

25    petitioner's 2017 trial as propensity evidence pursuant to California Penal Code § 1109.

26    However, in case no. S269391, petitioner did not raise any claims challenging his 2017

27    conviction.

28         In case no. S275958, filed August 12, 2022, petitioner raised claims alleging exposure to

toxic drinking water, that petitioner was going blind and that the California Department of Corrections and Rehabilitation was creating a death sentence.  Resp. Lod. Doc. 21 (ECF No. 21-13).

### 3. Conclusion

For the reasons discussed above, this Court finds that only claim four alleging insufficient evidence to support petitioner's attempted murder conviction based on the victim's alleged lack of life-threatening injuries is exhausted.

## III. STATUTE OF LIMITATIONS

### A. Legal Standards

#### 1. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court.  The one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

#### 2. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).  Statutory tolling is available while a prisoner pursues a full round of habeas relief in state court.  See Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).  "Post-conviction review is 'pending,' and thus the statute of limitations tolls, while a prisoner is pursuing a full round of habeas relief in state court."  Id.  "The period in

5

which a habeas petition is pending includes the time between the lower court's adverse ruling and the prisoner's filing of a notice of appeal, so long as the filing comports with the state law timeliness requirements." Id. "Under California's unusual system of independent collateral review, a prisoner seeks review of a lower court's denial of relief by filing an original petition for habeas corpus in the reviewing court." Id. "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief—so long as the filing is timely under California law." Id.

### 3. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: (1) the existence of an "extraordinary circumstance" that prevented him from timely filing, and (2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish an entitlement to equitable tolling is not "maximum feasible diligence" but rather only "reasonable diligence." Holland, 560 U.S. at 653 (internal quotation marks and citations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

### B. Analysis

#### 1. Calculating Statute of Limitations

Pursuant to the mailbox rule, petitioner opened this action by filing a civil rights complaint on June 10, 2024. (ECF No. 1.) On June 17, 2024, this Court construed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because petitioner's complaint raised claims challenging the validity of his conviction and requested that he be resentenced. (ECF No. 4.) This Court granted petitioner thirty days to file a petition for writ of habeas corpus.

6

1   (Id.)  Pursuant to the mailbox rule, petitioner filed the operative habeas corpus petition on July 10,

2   2024.  (ECF No. 8.)  Because petitioner's complaint raised claims challenging the validity of

3   petitioner's conviction, based on which this Court construed this action as a petition for writ of

4   habeas corpus, this Court considers whether this action is timely based on the June 10, 2024 filing

5   date of the complaint.

6          This Court finds that the statute of limitations in this action is calculated pursuant to

7   28 U.S.C. § 2244(d)(1)(A), i.e., one year from the date petitioner's conviction became final.  In

8   calculating the statute of limitations, this Court first finds that the modification of petitioner's

9   judgment by the California Court of Appeal does not impact the calculation of the statute of

10  limitations.  The California Court of Appeal summarized petitioner's conviction and sentence as

11  follows:

12              As to the crowbar attack, the jury found defendant guilty of inflicting
                corporal injury on a cohabitant and found he had personally used a
13              deadly weapon.  It also found him guilty of assault with a deadly
                weapon.  As to both counts, the jury found a personal infliction of
14              great bodily enhancement was not true.

15              As to the stabbing [which occurred three months later], the jury
                found defendant guilty of attempted murder, finding he personally
16              used a deadly weapon, and inflicted great bodily injury.  It also found
                him guilty of inflicting corporal injury resulting in traumatic
17              condition on a cohabitant, finding he personally used a deadly
                weapon and inflicted great bodily injury.  It also found him guilty of
18              assault with a deadly weapon with a finding of personal infliction of
                great bodily injury.
19
                The jury also found that defendant had suffered three prior strike
20              convictions: voluntary manslaughter, corporal injury, and battery
                with serious bodily injury.
21
                The trial court imposed an aggregate indeterminate term of 52 years
22              to life along with a determinative term of seven years, calculated as
                follows: 27 years to life for attempted murder (the upper term tripled
23              for the strikes), along with a five-year great bodily enhancement, and
                a one-year deadly weapon use enhancement; and 25 years to life for
24              corporal injury, along with a one-year deadly weapon use
                enhancement.  Terms on other counts were imposed and stayed
25              pursuant to section 654.

26  Resp. Lod. Doc. 2 at pp. 7-8.

27         On March 1, 2021, the California Court of Appeal modified the judgment to strike the

28  finding of a prior strike based on petitioner's 1989 conviction for battery with serious bodily

7

1    injury and remanded the matter to allow the prosecution to decide whether it wished to establish

2    that strike. Id. at pp. 24-25. The California Court of Appeal affirmed petitioner's conviction in

3    all other respects. Id. In the motion to dismiss, respondent states that there is no indication that

4    the prosecution sought to reestablish the prior conviction that was struck on appeal. (ECF No. 22

5    at 2 n. 1.) This Court reviewed the docket in petitioner's case in the Sacramento County Superior

6    Court, case no. 14F07333, and finds there is no indication in the docket that the prosecution

7    sought to reestablish the prior conviction struck on appeal.[2] This Court also observes that the

8    striking of petitioner's 1989 battery conviction as a strike by the California Court of Appeal had

9    no impact on petitioner's sentence because, as observed by the California Court of Appeal, "two

10   prior strikes still suffice to render the current offenses third strikes." Resp. Lod. Doc. 2 at p. 24.

11   The abstract of judgment was not amended as a result of the order by the California Court of

12   Appeal. Resp. Lod. Doc. 1. For these reasons, the order by the California Court of Appeal

13   striking one of petitioner's strike convictions has no impact on the calculation of the statute of

14   limitations. The circumstances of the striking of petitioner's prior conviction are different from

15   cases where the appellate court remanded for resentencing. See Burton v. Stewart, 549 U.S. 147,

16   156 (2007) (where state appellate court remands for resentencing, the limitations period does not

17   begin to run until both the conviction and resentencing are final on direct review); Robinson v.

18   Pollard, 2021 WL 3511037, at *4 (C.D. Cal. Aug. 4, 2021) ("Here, because the court entered an

19   amended abstract of judgment in conjunction with Petitioner's resentencing, Petitioner's

20   conviction did not become final for the purposes of AEDPA until the amended judgment became

21   final."), report and recommendation adopted, 2021 WL 3511038 (C.D. Cal. Aug. 10, 2021).

22        On May 26, 2021, in case no. S268163, the California Supreme Court denied petitioner's

23   petition for review. Resp. Lod. Doc. 4 (ECF No. 21-4). The docket from the California Supreme

24   Court in case no. S26813 reflects that petitioner did not file a petition for writ of certiorari.[3]

25   _____

26   [2] This Court takes judicial notice of the docket in Sacramento County Superior Court case no.
     14F07333. See Fed. R. Evid. 201; Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (taking

27   judicial notice of state court dockets).
     [3] This Court takes judicial notice of the docket in California Supreme Court case no. S26813.

28   See Fed. R. Evid. 201; Porter, 620 F.3d at 954-55.

1   Therefore, petitioner's conviction became final ninety days later on August 24, 2021 when the

2   time allotted for filing a petition for writ of certiorari expired.  See Miranda v. Castro, 292 F.3d

3   1063, 1065 (2002) (holding that where petitioner did not file a petition for certiorari, his

4   conviction became final ninety days after the California Supreme Court denied review).  The one-

5   year statute of limitations commenced running on the following day, August 25, 2021.  See

6   Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Therefore, petitioner had until August

7   25, 2022 to file a timely federal petition.  See 28 U.S.C. § 2244(d)(1)(A).  The instant action, filed

8   June 10, 2024, is not timely unless petitioner is entitled to statutory or equitable tolling.

9                  2.  Statutory Tolling

10          At the outset, this Court observes that there is no tolling between the finality of direct

11   review on August 24, 2021 and the filing of the first state habeas corpus petition on May 30, 2022

12   as no state court petition was pending.  See e.g., Lawrence v. Florida, 549 U.S. 327, 330 (2007);

13   Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review

14   becomes final and the filing of a state habeas petition is not tolled[.]").

15          This Court next considers whether petitioner is entitled to statutory tolling for the habeas

16   corpus petitions filed by petitioner in state court.  Pursuant to the mailbox rule, on May 30, 2022,

17   petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court

18   challenging his 2017 conviction.  Resp. Lod. Doc. 5 (ECF No. 21-5).  On June 24, 2022, the

19   Sacramento County Superior Court denied this petition.  Resp. Lod. Doc. 6 (ECF No. 21-6).

20   Pursuant to the mailbox rule, on August 2, 2022, petitioner filed his first petition for writ of

21   habeas corpus in the California Court of Appeal challenging his 2017 conviction.  Resp. Lod.

22   Doc. 7 (ECF No. 21-7).  On September 8, 2022, the California Court of Appeal denied this

23   petition.  Resp. Lod. Doc. 8 (ECF No. 21-8).  The docket sheet from the California Court of

24   Appeal provided by respondent reflecting the denial of this petition states, "Petition summarily

25   denied by order."  Id.

26          This Court finds, and respondent agrees, that petitioner is entitled to statutory tolling for

27   the time his first two habeas corpus petitions filed in state court were pending, i.e., from May 30,

28   2022 to September 8, 2022.  See Banjo, 614 F.3d at 968 (statutory tolling available while a

1    prisoner pursues a full round of habeas relief).  Accordingly, petitioner is entitled to 102 days of

2    statutory tolling for this time period, extending the limitations period to December 5, 2022.

3        Pursuant to the mailbox rule, on February 11, 2023 petitioner filed a second habeas corpus

4    petition in the California Court of Appeal which appears to raise some claims challenging

5    petitioner's 2017 conviction.  Resp. Lod. Doc. 9 (ECF No. 21-9).  This Court finds that petitioner

6    is not entitled to statutory tolling for the second habeas corpus petition filed in the California

7    Court of Appeal because this petition was filed after the statute of limitations ran on December 5,

8    2022.  A petition for state post-conviction or other collateral review filed after the conclusion of

9    the limitations period cannot reinitiate the limitations period.  See Ferguson v. Palmateer, 321

10   F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the

11   limitations period that has ended before the state petition was filed.").[4]

12       This Court also finds that petitioner is not entitled to statutory tolling for any of the three

13   habeas corpus petitions he filed in the California Supreme Court.  "A habeas petitioner is entitled

14   to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application

15   for State post-conviction or other collateral review with respect to the *pertinent* judgment or claim

16   is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C.

17   § 2244(d)(2)) (emphasis added).  As discussed above, none of the petitions filed by petitioner in

18   the California Supreme Court raised claims challenging petitioner's 2017 conviction.[5]  For this

19

20   [4]  Respondent also argues that petitioner is not entitled to statutory tolling for the second habeas
     corpus petition filed in the California Court of Appeal because the state appellate court denied
21   this petition by order, citing In re Clark, 5 Cal.4th 750, 767-68 (1993).  (ECF No. 22 at 5 n.4.)
     Citing Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005), respondent argues that the citation to
22   Clark signals that the second habeas corpus petition filed in the California Court of Appeal was
     untimely and, thus, not properly filed.  (Id.).  This Court need not reach this issue because the
23   second habeas corpus petition filed in the California Court of Appeal was filed after the statute of
     limitations ran.  This Court also observes that the docket sheet provided by respondent showing
24   the denial of this petition by the California Court of Appeal does not reflect that the petition was
     denied by citation to Clark.  Resp. Lod. Doc. 10 (ECF No. 21-10).
25   [5]  In the first habeas corpus petition filed in the California Supreme Court, petitioner argued that
     the Three Strikes Law discriminated against Black and Brown people.  Resp. Lod. Doc. 11.  In
26   this petition, petitioner possibly referenced prior convictions used to enhance his sentence in the
     2017 conviction.  This Court does not find that the possible reference to petitioner's prior
27   convictions used to enhance his sentence in the 2017 conviction raised a claim challenging his
     2017 conviction.  For this reason, petitioner is not entitled to statutory tolling as to his first habeas
28

1    reason, petitioner is not entitled to statutory tolling based on the habeas corpus petitions he filed

2    in the California Supreme Court.

3          With statutory tolling, the statute of limitations ran on December 5, 2022.  This action,

4    filed on June 10, 2024, over 18 months later, is not timely unless petitioner is entitled to equitable

5    tolling.

6                        3.  Equitable Tolling

7          In his opposition, petitioner makes no argument in support of equitable tolling and this

8    Court can find no grounds for equitable tolling in the record.  (ECF No. 27.)  Accordingly, this

9    Court finds that petitioner is not entitled to equitable tolling.

10                      4.  Conclusion

11         For the reasons discussed above, this Court finds that petitioner's claims are barred by the

12   statute of limitations.

13   **IV.  CONCLUSION**

14         This Court recommends that respondent's motion to dismiss be granted on the grounds

15   that this action is barred by the statute of limitations.  Because this Court finds that the claims are

16   time barred, this Court need not consider whether this action should be stayed so that petitioner

17   may exhaust his unexhausted claims.

18         Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss

19   (ECF No. 22) be granted on the grounds that petitioner's claims are barred by the statute of

20   limitations.

21         These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23   after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

26   _____

27   corpus petition filed in the California Supreme Court.  Cf. Arrendondo v. Neven, 763 F.3d 1122, 1138 (9th Cir. 2014) ("To fairly present a claim [in order to exhaust state court remedies], a state prisoner must present to the state courts both the operative facts and the federal legal theories that

28   animate the claim.").

1   may address whether a certificate of appealability should issue in the event he files an appeal of

2   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

3   court must issue or deny a certificate of appealability when it enters a final order adverse to the

4   applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant

5   has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

6   Any response to the objections shall be served and filed within fourteen days after service of the

7   objections.  The parties are advised that failure to file objections within the specified time may

8   waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

9   1991).

10

11  Dated:  August 13, 2025

12                                                     _____

13                                                     CHI SOO KIM
                                                       UNITED STATES MAGISTRATE JUDGE
14

15  Tay1675.157/2

16

17

18

19

20

21

22

23

24

25

26

27

28