UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR TAYLOR,

          Petitioner,

    v.

WARDEN,

          Respondent.

No.  2:24-cv-01675-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS

(Doc. Nos. 22, 29)

Petitioner Arthur Taylor is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 13, 2025, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending federal habeas petition (Doc. No. 22) be granted.  (Doc. No. 29.)  Specifically, the magistrate judge concluded that the pending petition for federal habeas relief was time-barred, having been filed approximately 21 months after the statute of limitations had expired, and that petitioner had not established his entitlement to either statutory or equitable tolling of the AEDPA statute of limitations.  (*Id*. At 6–11.)  The pending findings and recommendations were served upon petitioner and contained notice that any

/////

1

objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 11.)  To date, petitioner has not filed any objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1.    The findings and recommendations issued on August 13, 2025 (Doc. No. 29) are ADOPTED in full;

2.    Respondents' motion to dismiss the petition (Doc. No. 22) is granted;

3.    The court DECLINES to issue a certificate of appealability; and

4.    The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 19, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2